UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

### Case No. 14-21854-CV-MIDDLEBROOKS

TELEFONAKTIEBOLAGET LM
ERICSSON and ERICSSON INC.,

      Plaintiffs,

v.

WI-LAN USA, INC., WI-LAN INC., and
NETWORK MANAGEMENT
SOLUTIONS, LLC,

      Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

THIS CAUSE comes before the Court upon Motion by Defendants Wi-LAN USA, Inc., Wi-LAN Inc., and Network Management Solutions (collectively, "Defendants") to Dismiss Amended Complaint ("Motion") (DE 26), filed on July 7, 2014.[1] Plaintiffs Telefonaktiebolaget LM Ericsson and Ericsson Inc. (collectively, "Plaintiffs") filed their Response (DE 36) on July 24, 2014. On August 4, 2014, Defendants filed their Reply. (DE 39). The Court has reviewed the record and is otherwise advised in the premises.

### I.      BACKGROUND

Plaintiffs filed their Amended Complaint (DE 3) on May 20, 2014.[2] The Amended Complaint alleges four Counts against Defendants: Count I: declaratory judgment on breach of

---

[1] Defendants also filed a Request for Oral Argument on Motion to Dismiss ("Request") (DE 27) on July 7, 2014. The Court allowed the Parties to argue the issues related to Defendants' Motion during the August 6, 2014 Scheduling Conference. Further oral arguments are unnecessary. Therefore, Defendants' Request (DE 27) is due to be denied as moot.

[2] Plaintiffs filed their original Complaint (DE 1) on May 19, 2014.

Siemens License;[3] Count II: declaratory judgment on Order;[4] Count III: tortious interference with a business relationship; and Count IV: violation of Florida Statutes § 501.201, *et seq.*, the Florida Deceptive and Unfair Trade Practices Act.

In their Motion (DE 26), Defendants argued that Plaintiffs' Amended Complaint should be dismissed for several reasons: (1) Plaintiffs lack standing to bring this suit; (2) Count I failed to state a claim; (3) Counts III and IV failed to state a claim; (4) Counts III and IV are preempted by federal patent law; and (5) Plaintiffs' Amended Complaint used an improper "shotgun pleading."

## II.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. See FED. R. CIV. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, this Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal. Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) [hereinafter Twombly]; *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) [hereinafter Iqbal]. That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

---

[3] The Siemens Patents include U.S. Patent Nos. 6,351,213; 6,420,968; 6,553,099, and 6,728,688. Plaintiffs claim that they have a license to these patents through the Siemens License and that the Siemens License protects Plaintiffs and their customers from claims of patent infringement on the patents covered by the license.

[4] Because of a recent decision by the Federal Circuit related to Count II, *see Wi-LAN USA, Inc. v. Ericsson, Inc.*, 2013-1485, 2014 WL 3765856 (Fed. Cir. Aug. 1, 2014), Plaintiffs stated that they would amend Count II. Therefore, I will not address Count II in this Order.

When reviewing a motion to dismiss, a court must construe plaintiff's complaint in the light most favorable to the plaintiff and take the factual allegations stated therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (stating that an unwarranted deduction of fact is not considered true for the purpose of determining whether a claim is legally sufficient).

Generally, a plaintiff is not required to detail all the facts upon which he bases his claim. FED. R. CIV. P. 8(a)(2). Rather, Rule 8(a)(2) requires a short and plain statement of the claim that fairly notifies the defendant of both the claim and the supporting grounds. *Twombly*, 550 U.S. at 555-56. However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3. The plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted). "Factual allegations must be enough to raise [the plaintiff's] right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true." *Id.*

## III.    STANDING

As a threshold matter, I must determine whether Plaintiffs has standing to bring this suit. A plaintiff bears the burden of establishing that it has standing. *See Koziara v. City of Casselberry*, 392 F.3d 1302, 1304 (11th Cir. 2004) (citing to *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Id.* at 1304 (quoting *Warth*

3

*v. Seldin*, 422 U.S. 490, 498 (1975)). "[W]here a patent holder accuses customers of direct infringement based on the sale or use of a supplier's equipment, the supplier has standing to commence a declaratory judgment action if . . . the supplier is obligated to indemnify its customers from infringement liability. . . ." *Matthews Int'l Corp. v. Biosafe Eng'g*, LLC, 695 F.3d 1322, 1329 n.4 (Fed. Cir. 2012) (quoting *Arris Grp., Inc. v. British Telecomm. PLC*, 639 F.3d 1368, 1375 (Fed. Cir. 2011)); *see MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (holding that an Article III case or controversy exists when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment").

Defendants argue that Plaintiffs has failed to show they have standing to bring this suit because Plaintiffs are not the real persons of interest. However, Plaintiffs explained in their Amended Complaint (DE 3) that they have standing to bring this suit because of the indemnification demands they received from eleven of Plaintiffs' customers.[5] (Amended Comp., DE 3 at 14 ¶ 84). According to Plaintiffs, their customers sought indemnification or requested assistance pursuant to indemnity requirements under contracts with the customers after Defendants alleged that Plaintiffs' customers were infringing Defendants' Siemens Patents. Plaintiffs seek redress from the Court to determine whether in fact the Siemens License protect them and their customers from Defendants' claim of patent infringement. Plaintiffs have established that, under contracts with their customers, they face an actual injury and are obligated

---

[5] The customers from whom Plaintiffs received demands or requests for assistance pursuant to indemnification clauses found in their agreements related to the Siemens License consist of: Cincinnati Bell Wireless LLC; East Kentucky Network, LLC; Cellular South, Inc.; Carolina West Wireless, Inc.; Cricket Wireless, LLC; Clearwire Corporation; General Communications, Inc.; Alaska Communications Systems Group, Inc.; AT&T Inc.; T-Mobile US, Inc.; and Sprint Nextel Corporation.

to indemnify their customers from infringement liability. Defendants' allegations against Plaintiffs' customers are purportedly responsible for Plaintiff's customers' demands and request for indemnification. In addition, Plaintiffs' injury will be redressed by a favorable decision regarding their legal rights. Therefore, I find that Plaintiffs' have standing to bring this suit.

## IV.    COUNT I – SIEMENS LICENSE

In Count I, Plaintiffs seek a declaration that Plaintiffs' customers have not infringed on the Siemens Patents because they are protected under the Siemens License. Defendants contend that Count I of Plaintiffs' Amended Complaint failed to plead facts to give rise to a plausible claim. Under Florida law, a breach of contract claim requires showing (1) a valid contract; (2) a material breach; and (3) damages. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1325 (11th Cir. 2012) (finding that "a breach of contract claim requires a party to show that damages resulted from the breach"); *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. Dist. Ct. App. 2006) (citation omitted).[6]

As discussed previously, Plaintiffs brought this suit because Defendants alleged that Plaintiffs' customers infringed on the Siemens Patents, which were assigned to Defendants. Plaintiffs claim that Defendants conduct breaches the Siemens License that protects them and their customers for infringement allegations. Because of Defendants' claims, Plaintiffs would have to indemnify their customers in accordance with the agreements Plaintiffs entered into with their customers. At this stage of the proceeding, Plaintiffs have shown the required elements of a breach of contract claim and have pleaded sufficient facts to survive Defendants' Motion. Therefore, Defendants' request that I dismiss Count I is due to be denied.

---

[6] Plaintiffs brought this suit in federal court under diversity jurisdiction. Therefore, I must follow the decision of an intermediate Florida appellate court that is on point "unless there is some really persuasive indication that the Florida Supreme Court would go the other way." *KMS Rest. Corp. v. Wendy's Int'l, Inc.*, 361 F.3d 1321, 1325 (11th Cir. 2004). I find no persuasive indication that the Florida Supreme Court would decide otherwise.

## IV.   COUNT III (TORTIOUS INTERFERENCE) AND COUNT IV (DECEPTIVE PRACTICES

### A.   *Claims*

Under Defendants' next argument for dismissal, Defendants claim that I should dismiss Counts III and IV of Plaintiffs' Amended Complaint because Plaintiffs fail to state plausible claims upon which relief may be given.

Count III alleges that Defendants' allegations of patent infringement against Plaintiffs' customers "intentionally and unjustifiably interfered with [Plaintiffs'] business relationships with" their customers." (Amended Compl., DE 3 at 16 ¶ 95). A plaintiff has established a prima facie case of tortious interference with a business relationship by showing: "(1) the existence of a business relationship, not necessarily evidenced by an enforceable contract; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship." *Kissinger-Campbell v. C. Randall Harrell, M.D., P.A.*, 418 F. App'x 797, 802 (11th Cir. 2011) (quoting *Tamiami Trail Tours, Inc. v. Cotton*, 463 So. 2d 1126, 1127 (Fla. 1985)); *KMS Rest. Corp.*, 361 F.3d at 1325.

Count IV alleges that Defendants acted in bad faith by interfering, "intentionally and unfairly," with Plaintiffs' business relationships, thereby violating the Florida Deceptive and Unfair Trade Practices Act.[7] *Id.* at ¶ 98-100. In order to bring a claim for such a violation, a plaintiff must allege three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *Rollins*, 951 So. 2d at 869 (citing *Chicken Unlimited, Inc. v. Bockover*, 374 So. 2d 96, 97 (Fla. Dist. Ct. App. 2d 1979)); *Gen. Motors Acceptance Corp. v. Laesser*, 718 So. 2d

---

[7] Fla. Stat. §§ 501.201, *et seq.*

276, 277 (Fla. Dist. Ct. App. 4th 1998); *Macias v. HBC of Fla., Inc.*, 694 So. 2d 88, 90 (Fla. Dist. Ct. App. 3d 1997).

In Plaintiffs' Amended Complaint, Plaintiffs alleged that Defendants contacted Plaintiffs' customers regarding their infringement of the Siemens Patents in bad faith. Even though Defendants were aware Plaintiffs have a license that protected them and their customers from Defendants' infringement claims, Defendants intentionally and unfairly made these allegations against Plaintiffs' customers. Further, that Defendants' actions harmed Plaintiffs' business relationship with Plaintiffs' customers and Plaintiffs face indemnification demands and request for assistance from those customers. Therefore, Plaintiffs have pleaded sufficient facts regarding Count III and IV of their Amended Complaint to support a claim for tortious interference with a business relationship and violation of the Florida Deceptive and Unfair Trade Practices Act, respectively, to survive Defendants' Motion.

### B.    *Preemption by Federal Patent Law*

Defendants further contend that, even if Plaintiffs pleaded sufficient facts in Counts III and IV to give rise to a plausible claim for relief, Counts III and IV should still be dismissed because they are preempted by federal patent laws. "[F]ederal patent law preempts state-law tort liability for a patentholder's good faith conduct in communications asserting infringement of its patent and warning about potential litigation." *Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*, 362 F.3d 1367, 1374 (Fed. Cir. 2004); *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 897 (Fed. Cir. 1998). However, individuals may bring a state law tort claims when the patent holder acts in bad faith. *800 Adept, Inc. v. Murex Sec., Ltd.*, 539 F.3d 1354, 1369 (Fed. Cir. 2008) (citing *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1355 (Fed. Cir. 1999)). ("State tort claims against a patent holder, including tortious interference claims, based on

enforcing a patent in the marketplace, are 'preempted' by federal patent laws, unless the claimant can show that the patent holder acted in 'bad faith' in the publication or enforcement of its patent.").

The bad faith standard has an objective and a subjective element. *See Dominant Semiconductors SDN. BHD. v. Osram GMBH*, 524 F.3d 1254, 1260 (Fed. Cir. 2008). Plaintiff asserting the state law tort claims must demonstrate both. The objective requirement requires a plaintiff to show that the infringement allegations are "objectively baseless." *Globetrotter*, 362 F.3d at 1376. For the subjective element, plaintiff must show that the patent holder acted in subjective bad faith when enforcing its patent. *See id.* If the plaintiff fails to show that the infringement allegations are objectively baseless, courts do not have to address the patent holder's subjective intent. *See 800 Adept*, 539 F.3d at 1370.

As to the first element of bad faith, the standard for finding infringement allegations to be "objectively baseless" requires a showing that "no reasonable litigant could realistically expect success on the merits." *GP Indus., Inc. v. Eran Indus., Inc.*, 500 F.3d 1369, 1374 (Fed. Cir. 2007). Ultimately, "if the patentee knows that the patent is invalid, unenforceable, or not infringed, yet represents to the marketplace that a competitor is infringing the patent, a clear case of bad faith representations is made out." *Zenith.*, 182 F.3d at 1354.

In their Amended Complaint, Plaintiffs alleged that Defendants acted "in bad faith, with knowledge that [Plaintiffs] already had a license to the Siemens Patents by virtue of the Siemens Agreement," (Amended Compl., DE 3 at 16 ¶ 99), and that Defendants "had knowledge of [Plaintiff's] business relationships with [their c]ustomers when [Defendants] threatened the [c]ustomers by alleging patent infringement," *id.* at ¶ 94. According to Plaintiffs' pleadings, Defendants were aware that Plaintiffs and their customers were protected by the Siemens

License, and, therefore, Defendants could not enforce their rights as holders of the Siemens Patents under Plaintiffs' customers. Were that to be true, no reasonable litigant could realistically expect success on the merits and that Defendants, in enforcing the Siemens Patents, demonstrated subjective bad faith. Accordingly, for purposes of this stage of the proceeding, Plaintiffs have pleaded sufficient facts in Counts III and IV[8] to survive Defendants' Motion.[9]

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion (DE 26) is **DENIED**; and

2. Defendants' Request (DE 27) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 25 day of August, 2014.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:       Counsel of Record

---

[8] As I stated during the Scheduling Conference, the discovery related to Defendants' alleged bad faith conduct must not be invasive and must be limited to information relevant to the actions claimed in this matter only. \

[9] Defendants' fifth argument for dismissal was that the Amended Complaint is a shotgun pleading. I find Defendants' argument unpersuasive. Plaintiffs have presented relevant facts and causes of actions in their Amended Complaint for the relief they seek. Therefore, Defendants' fifth claim for dismissal is due to be denied.